UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
CASE NO: 8:20-CV-01598-JSM-CPT

KEVIN COPAS,

        Plaintiff,

v.

THE PRUDENTIAL INSURANCE COMPANY OF AMERICA,

        Defendant.

**DEFENDANT'S UNOPPOSED MOTION TO FILE THE ADMINISTRATIVE RECORD UNDER SEAL AND INCORPORATED MEMORANDUM OF LAW IN SUPPORT**

Defendant The Prudential Insurance Company of America ("Prudential"), by and through its attorneys, hereby moves for an order from the Court permitting certain documents to be filed under seal pursuant to Federal Rule of Civil Procedure 26(c) and Local Rule 1.09. In support of their motion, Defendant states as follows:

**BACKGROUND**

Plaintiff brings this suit seeking long term disability ("LTD") benefits pursuant to an employee welfare benefit plan governed by the Employee Retirement Incomes Security Act of 1974 ("ERISA"). In particular, Plaintiff seeks remedies under ERISA Section 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B). In evaluating this claim the Court's review will be limited to the administrative record. The administrative record contains Plaintiff's confidential medical records and other confidential information. The record is large and replete with Plaintiff's private and sensitive information. For that reason, Prudential requests that the Court grant Prudential's *unopposed* request to file the administrative record under seal and that the seal shall remain effective permanently.

65581827v.2

## **LEGAL STANDARD**

Rule 26(c) of the Federal Rules of Civil Procedures provides that "a party from whom discovery is sought may move for a protective order in the court where the action is pending." Fed. R. Civ. P. 26(c). That rule further provides, in pertinent part, that "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . :" Fed. R. Civ. P. 26(c). In the Eleventh Circuit,

> The right of access to judicial records pursuant to the common law is well established. However, the public's right of access is not absolute and "may be overcome by a showing of good cause, which requires balancing the asserted right of access against the other party's interest in keeping the information confidential."

*Belcher v. Ocwen Loan Servicing, LLC*, 2019 U.S. Dist. LEXIS 42455, at *2 (M.D. Fla. Mar. 15, 2019) (quoting *Romero v. Drummond Co.*, 480 F.3d 1234, 1246 (11th Cir. 2007)). In *Belcher*, the motion to file a deposition under seal was granted because the deposition "contain[ed] information that [wa]s personal, proprietary, and/or confidential in nature." *Id.* at *3.

Local Rule 1.09 requires parties seeking to file under seal to file and serve a motion to file under seal which includes:

> (i) an identification and description of each item proposed for sealing; (ii) the reason that filing each item is necessary; (iii) the reason that sealing each item is necessary; (iv) the reason that a means other than sealing is unavailable or unsatisfactory to preserve the interest advanced by the movant in support of the seal; (v) a statement of the proposed duration of the seal; and (vi) a memorandum of legal authority supporting the seal.

L.R. 1.09(a). It also requires any "order sealing any item pursuant this section shall state the particular reason the seal is required." *Id.* The local rule further explains, "Unless otherwise ordered by the Court for good cause shown, no order sealing any item pursuant to this section shall extend beyond one year . . . ."

## ARGUMENT

The Court has ordered that Prudential file the administrative record on or before September 8, 2020. (ECF 8.) The administrative record of Plaintiff's underlying claim for LTD benefits is voluminous and contains sensitive medical information concerning Plaintiff. The size of the record (the claim file portion of the record consists of 2,149 pages) makes redaction of medical information impractical. Filing under seal will prevent Plaintiff's sensitive medical information from being available to the general public.

Courts in this District have repeatedly allowed administrative records of ERISA claims for benefits to be filed under seal because of the sensitive nature of the medical information contained therein. *See Applegate v. Liberty Life Assur. Co.*, 2018 U.S. Dist. LEXIS 28499, at *2 (M.D. Fla. Feb. 22, 2018) (ERISA claim for LTD benefits in which "[t]he Administrative Record [wa]s filed with the Court under seal."); *Kennedy v. United of Omaha Life Ins. Co.*, 2012 U.S. Dist. LEXIS 126732, at *1 (M.D. Fla. Sep. 6, 2012) (ERISA claim for LTD benefits referring to "The Administrative Record . . . filed under seal. . ."); *Manning v. Johnson & Johnson Pension Comm.*, 504 F. Supp. 2d 1293, 1297 n.1 (M.D. Fla. 2007) (ERISA claim for LTD benefits in which "[plaintiff]'s medical records that comprise the Administrative Record were filed under seal."); *Lyncker v. Johnson & Johnson Pension Comm.*, 505 F. Supp. 2d 1303, 1306 n.1 (M.D. Fla. 2006) (ERISA claim for LTD benefits in which "[t]he parties filed the administrative record (which contains [plaintiff]'s medical records) in this case under seal."). The Court should similarly grant Prudential's *unopposed* motion to file the administrative record of Plaintiff's claim for LTD benefits. Plaintiff's interest in keeping his medical information private is not outweighed by the public's interest in access to court records. Further, because Plaintiff's medical information will never cease to be sensitive, the Court should order the administrative record sealed permanently.

## **CONCLUSION**

The Court has good cause to grant the present *unopposed* motion and permit the administrative record to be filed under seal permanently. The administrative record contains information that should be protected permanently from public disclosure. That record includes Plaintiff's medical records and other potentially sensitive information. For the foregoing reasons, the Defendant respectfully requests that the Court permit the administrative record to be filed under seal permanently.

DATED: September 4, 2020

Respectfully submitted,

QUINTAIROS, PRIETO, WOOD, & BOYER, PA


By:*/s/ Brooke Chastain Juan*
    Brooke Chastain Juan
    bjuan@qpwblaw.com

Brooke Chastain Juan
QUINTAIROS, PRIETO, WOOD
& BOYER, P.A.
1410 N Westshore Blvd Ste 200
Tampa, FL 33607-4533
Telephone: (813) 286-8818
E-mail: bjuan@qpwblaw.com

*Counsel for Defendant The Prudential Insurance Company of America*

65581827v.2

**CERTIFICATE OF SERVICE**

The undersigned attorney certifies that the foregoing **DEFENDANT'S UNOPPOSED MOTION TO FILE THE ADMINISTRATIVE RECORD UNDER SEAL AND INCORPORATED MEMORANDUM OF LAW IN SUPPORT** was filed with the Clerk of the Court via the Court's CM/ECF system, which will serve a true and correct copy of the same on the following counsel of record on this 4th day of September, 2020:

>William C. Demas
>demas@tuckerlawgroup.com
>John V. Tucker
>tucker@tuckerlawgroup.com
>Tucker Law Group, P.A.
>5235 16th St N
>St. Petersburg, FL 33703-2611

>*/s/ Brooke Chastain Juan*
>Brooke Chastain Juan